UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 01-4626

RICKEY G. YOUNG,
    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 01-4627

RICKEY G. YOUNG,
    *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
James P. Jones, District Judge.
(CR-00-81, CR-00-122)

Submitted: April 30, 2003

Decided: June 11, 2003

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Barry L. Proctor, Abingdon, Virginia, for Appellant. John L. Brown-lee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rickey G. Young was convicted of five counts of willful failure to file federal income tax returns, in violation of 26 U.S.C. § 7203 (2000), and one count of criminal contempt, in violation of 18 U.S.C. § 401 (2000). Young's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two potential issues for review but stating that, in his view, there are no meritorious issues for appeal. Young was advised of his right to file a pro se supplemental brief, but did not do so.

Counsel first suggests that joinder of the mail fraud counts with the tax return counts was not proper under Fed. R. Crim. P. 8, and the district court erred in denying Young's motion to sever the mail fraud counts for a separate trial. We review the district court's refusal to grant a misjoinder motion de novo to determine whether the initial joinder of the offenses was proper under Rule 8(a). *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir.), *petition for cert. filed,* (U.S. Apr. 2, 2003) (No. 02-9992). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14. *Id.* Our review leads us to conclude that the charges were properly joined in the superseding indictment and that the district court did not abuse its discretion in denying Young's motion to sever.

Counsel also raises as a potential issue that the district court erred in denying Young's motion for a new trial after his motion for judgment of acquittal was granted as to the counts charging mail fraud. We review the district court's ruling on a motion for a new trial for abuse of discretion. *See United States v. Rhynes*, 206 F.3d 349, 360 (4th Cir. 1999) (en banc). We conclude that this argument is without merit because the evidence supporting the mail fraud counts would have been admissible as other crimes evidence under Fed. R. Evid. 404(b) in a separate trial on the counts charging failure to file income

tax returns. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997).

Counsel also summarized four additional issues that Young desired to be raised on appeal, but which counsel believed did not merit extended discussion. We have reviewed the record and conclude that these arguments are without merit.

In accordance with *Anders*, we have reviewed the entire record in this case. We have found no meritorious issues for appeal, and therefore affirm Young's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*